NOT FOR PUBLICATION                                        (Doc. No. 11)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                             :
David STILL,                                 :
                                             :         Civil No. 14–2812 (RBK)
                            Plaintiff,        :
                                             :         **OPINION**
              v.                             :
                                             :
COMMISSIONER OF SOCIAL                        :
SECURITY                                     :
                                             :
                          Defendant.          :
_____      :

**KUGLER**, United States District Judge:

     This matter comes before the Court upon the appeal of David Still ("Plaintiff") for review of the final determination of the Commissioner of Social Security ("Commissioner"). The Commissioner denied his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

**I.      BACKGROUND**

     Plaintiff applied for SSI on October 14, 2011, alleging that his asthma was a disability. Administrative Record ("Rec.") at 11. At the time of filing, Plaintiff was 42 years old. *Id.* at 28. Plaintiff's claim was denied after an initial review on November 25, 2011, and his claim was denied again upon reconsideration on May 10, 2012. *Id.* at 10. Administrative Law Judge ("ALJ"), Daniel W. Shoemaker Jr., held a hearing on October 13, 2013, and he denied Plaintiff's disability claim in a written opinion on January 24, 2014. *Id.* at 18. Plaintiff then requested an

1

Appeals Council review of the ALJ's decision. On March 12, 2014, the Appeals Council denied the review request, and the ALJ's decision became the Commissioner's final decision. Plaintiff filed a complaint in this Court on May 2, 2014, appealing the Commissioner's decision to deny him SSI benefits. (Doc. No. 1.)

### A.    Mr. Still's Alleged Impairments

Plaintiff reported that he was diagnosed with asthma in his infancy. Rec. at 12. Changes in weather, environmental allergens, respiratory infections, and smoke usually triggered his asthma. *Id.* In Plaintiff's initial claim for SSI, he alleged that the onset date of his disability was August 1, 2008. However, because a claimant cannot be eligible for SSI until his application date, the relevant time period for Plaintiff's claim begins on October 14, 2011. 20 C.F.R. § 416.202.

For background purposes, a brief medical history of Plaintiff's ailments follows. Plaintiff went to the emergency room on August 21, 2010 complaining of asthma exacerbation. Rec. at 12. Plaintiff's breathing was labored, but an evaluation of his lungs showed that they were clear. *Id.* He was treated and given three different prescriptions, Albuterol, Flovent, and Prednisone.[1] *Id.* On September 3, 2010, Plaintiff went to Complete Care Medical Professionals. *Id.* The findings of this visit were consistent with Plaintiff's trip to the emergency room, and he was prescribed Flovent and Albuterol Sulfate. *Id.* Plaintiff did not visit Complete Care again until December 19, 2012—more than two years after his last visit. *Id.* At this examination, Plaintiff reported that he went to the hospital in November 2012, and that he was not using any medication to control his asthma. *Id.* He was told to stop smoking, and prescribed Albuterol

---

[1] Albuterol, Flovent, and Prednisone are drugs commonly used to treat asthma.

Sulfate and Advair Diskus.[2] *Id.* Plaintiff returned to Complete Care on January 24, 2013. *Id.* He complained of labored breathing, even with regular use of the previously prescribed medications. *Id.* at 12–13. His lungs were clear, but his physician noted scattered wheezing. *Id.* at 13.

On November 14, 2013, Plaintiff visited Dr. Francky Merlin for a consultative examination. *Id.* Dr. Merlin noted that there was minimal wheezing, with no apparent rales or rhonchi,[3] no trace of heart murmur, and Plaintiff retained full range of motion. *Id.* The examination also showed that Plaintiff's pulmonary function testing showed a vital capacity before and after bronchodilation of 1.96 and 2.57 liters respectively. *Id.* Plaintiff's FEV1[4] reading was 1.59 liters before bronchodilation, and 2.16 after. *Id.* Dr. Merlin concluded that Plaintiff suffered from asthma, and he had the capacity to occasionally lift and carry twenty pounds. *Id.* at 14. Dr. Merlin's assessment of Plaintiff also stated that during an eight-hour workday, Plaintiff could sit for four hours, stand for two hours, and walk for two hours, but he should never climb stairs or ramps. *Id.* Additionally, Plaintiff should avoid unprotected heights or moving mechanical parts. *Id.* Dr. Merlin also determined that Plaintiff should avoid exposure to humidity, wetness, dust, and other pulmonary irritants. *Id.*

### B.    The ALJ's Decision

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ used the established five-step evaluation process to

---

[2] Advair Diskus is intended to prevent and control asthmatic symptoms.
[3] Rales and rhonchi are lung sounds that indicate suboptimal lung capacity.
[4] FEV1 is the "forced expiratory volume in one second." Generally, a person with asthma will have a lower FEV1 because of the obstructive or restrictive lung disease.

determine if Plaintiff had a disability. *See* 20 C.F.R. § 404.1520. For the first four steps of the evaluation process, the claimant has the burden of establishing his disability by a preponderance of the evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 611–12 (3d Cir. 2014). First, the claimant must show that he was not engaged in "substantial gainful activity" for the relevant time period. *See* 20 C.F.R. § 404.1520(a)(4)(i) (explaining the first step); 20 C.F.R. § 404.1572 (defining "substantial gainful activity"). Second, the claimant must demonstrate that he had a "severe medically determinable physical or mental impairment" that lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404.1520(a)(4)(ii) (explaining the second step); 20 C.F.R. § 404.1509 (setting forth the duration requirement). Third, the claimant either shows that his condition was one of the Commissioner's listed impairments, and he is therefore disabled, or the analysis proceeds to step four. 20 C.F.R. § 404.1520(a)(4)(iii). *See also* 20 C.F.R. Pt. 404, Subpt. P., App. 1 (listing impairments). If the condition is equivalent to a listed impairment, the claimant is entitled to benefits. Fourth, if the condition is not equivalent to a listed impairment, the claimant must show that he cannot perform his past work, and the ALJ must assess the claimant's residual function capacity ("RFC").[5] 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(e).

If the claimant meets his burden, the burden shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612. At the fifth and last step, the Commissioner must establish that other available work exists, which the claimant is capable of performing based on his RFC, age, education, and work experience. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v). If the claimant can make "an adjustment to other work," he is not disabled. 20 C.F.R. § 404.1520(a)(4)(v).

---

[5] A claimant's RFC is used to determine if the claimant can return to her past work, but also to measure "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1).

First, the ALJ determined that Plaintiff was not engaged in substantial gainful activity during the relevant time period. Rec. at 12. Next, the ALJ concluded that Plaintiff's asthma was a severe impairment, but he did not have an impairment, or combination of impairments that equaled the severity of one of the listed impairments. *Id.* at 12–13. The ALJ found that Plaintiff had the RFC to perform a "narrow range of exertionally light work," and could complete routine tasks associated with unskilled-sedentary work. *Id.* at 14, 16–17. After considering Plaintiff's age, education, work experience, and RFC, the ALJ found that a significant number of jobs existed in the national economy that the Plaintiff could perform. *Id.* at 17–18. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act's definition of disability. *Id.* at 18.

## II.   STANDARD OF REVIEW

After reviewing the Commissioner's final decision and the administrative record as a whole, this Court is limited to determining whether the decision was supported by substantial evidence. *Zirnsak*, 777 F.3d at 610 (citing 42 U.S.C. § 405(g)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). The often-used quotation for the standard is: substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *See, e.g.*, *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

This Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F. 2d 110, 114 (3d Cir. 1983). This

Court must set aside the Commissioner's decision if it did not take into account the entire record or failed to resolve an evidentiary conflict. *Schonewolf v. Callahan*, 972 F. Supp. 277, 284–85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114). A district court's review of a final determination is a "qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham." *Kent*, 710 F.2d at 114.

## III.    DISCUSSION

The ALJ concluded that the Plaintiff was not disabled and therefore not entitled to SSI benefits at any point during the relevant time period. This Court finds that substantial evidence supports the Commissioner's denial of Plaintiff's SSI benefits. Accordingly, the Commissioner's decision is affirmed.

### A.    The ALJ Properly Evaluated Opinion Evidence

The Social Security Regulations state that determining a claimant's disability is reserved for the ALJ. 20 C.F.R. § 404.1527(d)(1). Opinions from a medical source that a person is disabled do not equate to a finding of "disabled" under the Social Security Act. *Id.* Plaintiff suggests that the ALJ failed "to properly address the claimant's treating physician's reports, notes, test results and medications." Pl.'s Br. at 7.

The ALJ properly weighed the opinion evidence of Plaintiff's treating physician in his analysis. A treating physician's opinion is controlling when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques, and not inconsistent with the other

substantial evidence in [the claimant's] record." 20 C.F.R. § 404.1527(d)(2); *see also Griffin v. Comm'r of Soc. Sec.*, 305 F. App'x 886, 891 (3d Cir. 1991). One of Plaintiff's treating physicians, Dr. Jacob Cogen, stated that he was unable to work on a full-time basis for a period of less than 90 days. Rec. at 13. However, the ALJ properly consulted the record and other medical sources to determine if a disability existed. There is substantial evidence in the record to support the conclusion that Plaintiff had the ability to perform sedentary-indoor work. The record shows that inhalers treated Plaintiff's asthma. *Id.* During the first half of 2013, he went to the emergency room only once. *Id.* Given that the occupational base of unskilled sedentary jobs is not "significantly compromised by environmental limitations," the ALJ's decision is supported by substantial evidence. SSR 83–14; *see also* SSR 96–9p (stating that "in general, few occupations in the unskilled sedentary occupation base require work in environments with extreme temperatures, wetness and humidity, etc.").

**B.      Plaintiff's Asthma Does Not Meet or Equal One of the Listed Impairments**

If a claimant's FEV1 is equal to or less than the value listed in the appendix of listed impairments, coordinated with claimant's height, then the claimant has a disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02. Plaintiff had a FEV1 of 1.59. Rec. at 13. Plaintiff expressly admits that he is 71" tall. Pl.'s Br. at 8. *See also* Rec. at 29 (giving testimony that he is either five feet nine, ten, or eleven inches tall—"one of them"). A claimant is disabled if he is 71" tall and has a FEV1 value equal or less than 1.55. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02. Plaintiff's FEV1 is higher than the value listed for men of his height. He therefore does not have a listed impairment.

### C.      The ALJ Properly Examined Plaintiff's Non-Exertional Impairments

Plaintiff argues that the ALJ failed to consider the side effects of Plaintiff's medication. The side effects of a claimant's medication are one factor that an ALJ will evaluate when considering the severity of an impairment. 20 C.F.R. § 404.1529(c)(3)(iv). The ALJ specifically noted this regulation in his report. Rec. at 15. He conducted a thorough analysis of the Plaintiff's ability to perform tasks associated with potential occupations, even with his impairment. *Id.* at 15–17. The medical records indicate that Plaintiff had the ability to perform sedentary jobs. *Id.* at 16–17. Nothing in Plaintiff's medical history shows that any side effects limited his ability to perform sedentary work. In fact, Plaintiff stated that he did not suffer from any side effects. *Id.* at 238. The ALJ's RFC determination is therefore substantially supported by the evidence.

### D.      The ALJ Properly Weighed Plaintiff's Credibility

Plaintiff argues that the ALJ did not properly weigh his testimony. Specifically, Plaintiff asserts that the ALJ failed to apply the regulatory factors of SSR 96–7p and 20 C.F.R. § 404.1527. These regulations relate to the analysis of subjective opinion evidence. The ALJ found that Plaintiff suffered from the alleged impairment; however, he found that Plaintiff did not suffer the claimed intensity and frequency of the impairment. Substantial evidence supports this determination.

Plaintiff further argues that the ALJ failed to consider the factors in SSR 96–7p. However, these are the exact factors that the ALJ listed in his decision. Rec. at 15. The ALJ believed the Plaintiff had "some subjective limitations, but not of the intensity, frequency, or duration alleged." *Id*. Plaintiff stated that the medications did not produce any side effects; and he was capable of walking, taking public transportation, shopping, and preparing meals. *Id.*

There is substantial evidence in the record to support the ALJ's conclusion regarding the severity of Plaintiff's impairment.

### E.       The ALJ Properly Weighed All of the Medical Opinion Evidence

The ALJ gave "great weight" to the consultative examiner's assessment, but rejected his conclusion that Plaintiff could only sit for four hours in an eight-hour workday. *Id.* at. 14, 17. The ALJ concluded that Plaintiff could sit for eight hours a day. *Id.* at 14. This is a notable deviation because sedentary work generally requires sitting for a total of six hours a day. SSR 96–9p.

The determination of a claimant's RFC is left to the ALJ. A medical opinion given "great weight" does not require an adoption of every conclusion in that opinion. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361–62 (3d Cir. 2011) (stating that the ALJ, not treating physicians or State agency consultants, makes the ultimate disability and RFC findings); *Brown v. Astrue*, 649 F.3d 193, 196 n.2 (3d Cir. 2011) (noting that a treating physician's opinion does not bind the ALJ on the issue of RFC); 20 C.F.R. § 416.927(d)(2). The ALJ gave the opinion of Dr. Merlin "great weight," but after an analysis of the record and hearing Plaintiff's testimony, he concluded that Plaintiff was capable of sitting for longer than four hours a day. In his opinion, the ALJ noted Dr. Merlin's opinion regarding how long Plaintiff could sit. Rec. at 14. His decision to diverge from Dr. Merlin's conclusion was reasoned and purposeful. The ALJ concluded that several pieces of the record were inconsistent with Plaintiff's allegations. Plaintiff filled out a form to designate certain activities as affected by his illness. *Id.* at 231. Plaintiff's asthma affected lifting, squatting, standing, and walking, among others. *Id.* However, Plaintiff did not state that his ability to sit was affected by his asthma. *Id.* The ALJ's deviation from Dr. Merlin's determination is supported by substantial evidence.

**V.      CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.


Dated:   __02/08/2016__                                         s/ Robert B. Kugler

                                                              ROBERT B KUGLER

                                                              United States District Judge